HARRIS, Judge.
Marvin Jeralds was charged with possession of cocaine and resisting an officer without violence. He moved to suppress the cocaine on the following facts: Patrol Deputy Riley responded to a dispatch call describing a black male who may have been involved in a drug transaction. Deputy Riley provided the following testimony regarding his encounter with Jeralds:
[Deputy Riley]: I looked at the description and I said, well, it’s close to what the other deputy gave me, so I drove up to where they were and got out of my vehicle.
They were standing there talking, and I asked the guy on the bicycle, I said, can I talk to you for a minute. And we had a short conversation and I told him why I was there.
I said, another deputy thinks somebody may have given you some drugs to hold, and he’s like, man, I ain’t got no drugs or nothing like that. And I said, you got any kind of guns or knives or anything like that, and he said, no. And I said, you mind if I check for my safety and yours, and he was like no, man, I don’t want you putting your hand on me, I don’t want you touching me.
I said, I need to make sure you don’t have any kind of contraband or anything illegal on you. He says, well, I look in my pockets for you myself, and he proceeded, and I said, okay, I’m going to stand back and let you go ahead and do this yourself.
So, he proceeded to start emptying his pockets and putting the contents in his pockets up on the hood of my car.
[[Image here]]
I was watching him, because I said the way his body behavior, he started shaking real bad, he was real nervous, started stuttering when he was talking.
I said he’s either got some kind of weapon or drugs or something he doesn’t want me to know about. And he started to try *58 to turn away from me as he was emptying his pockets.
And I said, let me see what you’re taking out. I’m trying to turn, and, like, we’re almost dancing. And when he did reach into, I believe it was his left rear pocket, his hand stayed in his pocket for a long time because he had already cleared the other pockets.
And I said, well, come on, what are you waiting on, and he said, I got change down here trying to get out. I said, you want me to get it out, and he said, no, I’ll get it.
Riley testified that when Jeralds finally pulled his hand out of his pocket, it was balled in a fist and he put it straight to his mouth. Riley said he saw two little plastic bags with a white substance and ordered Jeralds to spit them out. Jeralds turned and ran down the street, across a ditch and through a wooded area, during which time he threw the baggies down. Riley caught up to him, “escorted him to the ground,” handcuffed him, and retrieved the drugs.
The trial court denied the motion to suppress based on his finding that the encounter was consensual until Jeralds ran:
THE COURT: In this particular case, the deputy did not stop the defendant, the defendant was stopped.
There are essentially three levels of a police/citizen encounter. The first level is one that is basically called a consensual encounter, where a police officer can walk up to any citizen and engage that citizen in conversation. The second level of a police citizen encounter involves an investigatory stop, which is commonly called a Terry stop.
We don’t have a Terry stop in this particular case because the defendant was stopped, the officer went up and engaged him in conversation. The officer asked, could he search him, the defendant told him, no, but the defendant on his own VOLUNTEERED TO EMPTY HIS OWN POCKETS.
[[Image here]]
The court basically finds this was a consensual encounter between a citizen and a police officer that led to the officer obtaining probable cause to request that the defendant spit out the cocaine that he saw him put in his mouth (emphasis added).
Jeralds was tried before a jury and convicted of possession of cocaine and resisting an officer without violence. He contends that the trial court should have granted his motion to suppress. We agree.
The issue here is whether Jeralds’ decision to empty his pockets was consensual. In Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), the United States Supreme Court reiterated that a consensual encounter in a public place does not implicate a fourth amendment interest. The court provided the standard to apply in determining whether the encounter was, in fact, consensual:
[I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all of the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officer’s request or otherwise terminate the encounter.
Bostick, at 439, 111 S.Ct. at 2389. Police may freely question an individual, ask to see his identification, and even request consent to search his person “as long as the officers do not convey a message that compliance with their requests is required.” Id. at 437, 111 S.Ct. at 2388. See also Hosey v. State, 627 So.2d 1289, 1291 (Fla. 5th DCA 1993) (interpreting Bostick as requiring that “the police do or say nothing to indicate that the individual approached is not free to refuse the request or break off the encounter”).
In the instant case, Riley’s initial encounter with Jeralds was proper. Jeralds was stopped on the side of the road and Riley merely approached and questioned him. However, in response to Jeralds’ very clear refusal to permit Riley to search him for weapons, the officer’s statement, “I need to make sure you don’t have any kind of contraband or anything illegal on you,” indicated that Jeralds was not free to refuse Riley’s request. Jeralds’ ensuing offer to empty his pockets, then, was not consensual but rather was yielding to authority. This conclusion is *59 further supported by Riley’s comments while Jeralds fumbled in his pockets: “Well, come on, what are you waiting on?” and “You want me to get it out?” Riley gave Jeralds the impression that he intended to search him if Jeralds did not voluntarily cooperate.
Based on Bostick and Hosey, the trial court erred in concluding that the encounter was consensual, and the cocaine discovered as a product of this encounter was not admissible. The defendant’s motion to suppress should have been granted.
REVERSED.
GOSHORN and GRIFFIN, JJ., concur.